IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY BURTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL NUTTER; LOUIS GIORLA; | : | No. 14-1203 |
| and JOHN DELANEY | : | |

**NORMA L. SHAPIRO, J.**                                                                    **SEPTEMBER 29, 2015**

## MEMORANDUM

Before the court is defendants' motion to dismiss plaintiff's complaint. Plaintiff is a convicted prisoner alleging he was housed in an overcrowded cell at the Curran-Fromhold Correctional Facility. He claims this condition violated his constitutional rights. Plaintiff brings this action under 42 U.S.C. § 1983. The court granted plaintiff's application to proceed *in forma pauperis* on April 23, 2014. On July 22, 2014, defendants filed a motion to dismiss for failure to state a claim. Plaintiff filed a "Response to Defendants Motion to Dismiss."

### I.  BACKGROUND

Plaintiff filed a typed, form complaint alleging Mayor Michael Nutter, Commissioner Louis Giorla, and Warden John Delaney violated his First, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff alleges that during his incarceration within the Philadelphia Prison System as a pretrial detainee he was placed in a three-man cell (a two-person cell with a plastic boat on the floor for a third inmate). Plaintiff states he was subject to overcrowded conditions including: inadequate medical care and laundry access; unsanitary conditions; deprivation of "life's necessities" and "human needs"; and no access to the courts. He alleges showers were "covered with black mold and in disrepair, and the cells [were] infested with insects and rodents." The complaint further states overcrowding caused inmates to be "subjected to extended periods of 'restricted movement' and

'lockdowns.'"  Plaintiff does not allege personal physical injury.[1]

The settlement agreement in *Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No. 87, pertaining to a class of current and future persons confined in the Philadelphia Prison System, granted class-based relief, but excluded individual claims for damages.  Section X(A) states, "plaintiffs do not waive their rights to pursue individual claims for monetary damages under federal or state law."  *Id.*  Only such actions have been assigned to this judge.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted.  A complaint must contain sufficient facts that, when accepted as true, state a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).  A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 663.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation.  *Id.*  Legal conclusions must be supported by "well-pleaded factual allegations."  *Id.* at 664.

## III.  DISCUSSION

Section 1983 provides a remedy for deprivation of rights established by the Constitution or federal law.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States.  *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).  Liability under § 1983 cannot be premised on the theory of respondeat superior; personal wrongdoing of each individual

---

[1] Under the Prison Litigation Reform Act, an incarcerated plaintiff cannot recover compensatory damages if he has not alleged and proved a substantial physical injury.  28 U.S.C. § 1997e(e).

must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff names the Mayor of Philadelphia, the Commissioner of Prisons, and the Warden of Curran-Fromhold Correctional Facility as defendants. Plaintiff's complaint states defendants' job responsibilities and alleges the Mayor and City Managing Director devoted funds "to obstruct the plaintiff's aforementioned rights under the Constitution" by placing plaintiff in three-man cells. Listing defendants' job responsibilities and generally alleging funds are being directed to obstruct plaintiff's rights without additional information are insufficient to create allegations of personal direction or actual knowledge and acquiescence. Plaintiff's "Response to Defendants Motion to Dismiss" states "defendants knowing[ly] observed the overcrowding unconstitutional conditions, knew the conditions and violations existed," but a plaintiff cannot amend his complaint through a brief in response to a motion for dismiss. *Commw. of Pa. Ex. Rel Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). The allegations in plaintiff's complaint are not sufficient to state a claim against individual defendants under § 1983.

Plaintiff also mistakenly believes bringing a claim against the Mayor of Philadelphia is the same as bringing a claim against the City of Philadelphia. The complaint incorrectly states "Defendant Michael Nutter, Mayor of Philadelphia is a municipality, which owns, operates, controls and promulgates policies governing the PPS . . . ." To state a claim against the City of Philadelphia, plaintiff must allege the violation of his constitutional rights was the result of the City's official policy or custom. *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 (3d Cir. 2013). The City cannot automatically be held liable based on the acts of its employees. Instead, "[w]hen a suit against a [city] is based on § 1983, the [city] can only be liable when the alleged constitutional

transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburg*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978)).  Plaintiff has failed to state any allegation in his complaint that his housing conditions were caused by a policy or custom of the City.  The only facts alleged in the complaint are related to plaintiff being subjected to overcrowded conditions.  The complaint fails to state a claim against the City of Philadelphia.

## IV.  CONCLUSION

Defendants' motion to dismiss for failure to state a claim will be granted.  Plaintiff will be granted leave to file and serve an amended complaint.  An appropriate Order follows.